**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD LEROY HAYES, JR.,

Plaintiff,

v.

Case No. 3:26-cv-2116-WWB-SJH

SHERIFF T.K. WATERS, et al.,

Defendants.

---

**ORDER**

Plaintiff Richard Leroy Hayes, Jr., initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2). Generally, Hayes alleges that he was subjected to excessive force while in custody. Because Hayes seeks to proceed *in forma pauperis*, the Court reviews whether the allegations in the Complaint are frivolous, facially deficient, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id.*

## I. COMPLAINT

Hayes alleges that, on an unspecified date, at an unspecified place of confinement, he was denied his lunch meal. (Doc. 1 at 6). A few hours later, Hayes began talking to officers about being denied lunch, when an unnamed white male officer tased him. (*Id.*). Hayes was handcuffed, escorted to a different location, and placed in a restraint chair. (*Id.*). Hayes experienced an allergic reaction to chemicals and sneezed. (*Id.*). An unidentified white male officer punched Hayes in the face. (*Id.*). Next, an unidentified black male officer pushed his fingers into Hayes's eyes. (*Id.* at 7). Other unidentified officers witnessed this event. (*Id.*).

Hayes alleges he sustained a head injury while he was tased, which caused severe pain and high blood pressure. (*Id.*). Hayes also sustained a retinal detachment injury to his right eye, which required emergency surgery to correct. (*Id.*). He later underwent a

second eye surgery to remove a blood clot in his eye. (*Id.*). Finally, Hayes sustained injuries to his rib cage and wrist. (*Id*. at 8).

Hayes invokes his rights under the Eighth and Fourteenth Amendments. (*Id*. at 3). He lists as defendants Duval County Sheriff T.K. Waters as well as unidentified officers. (*Id*. at 2). As a remedy for his injuries, Hayes seeks to recover compensatory and punitive damages. (*Id*. at 9).

## II. DISCUSSION

As an initial matter, Hayes's Complaint is subject to dismissal without prejudice because he neglects to identify the location or timing of the events giving rise to his Complaint. Hayes mailed his Complaint from a private residence, and publicly-available records from Duval County and the Florida Department of Corrections do not show that Hayes is in custody. Because Hayes is not currently in custody and describes neither the location or the timing of the alleged events, the Court is unable to determine whether they occurred while Hayes was a pretrial detainee or a state prisoner, whether Sheriff Waters is a proper defendant, or whether this Court is the proper forum for his Complaint. This information is necessary for the Court to complete a screening of the Complaint for facial sufficiency.

### A. Unnamed Defendants

In addition to Sheriff Waters, Hayes also names as defendants "officers [that] are unidentified at this time." (Doc. 1 at 2). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit created a limited exception to this rule when the plaintiff's description of the defendant is so specific that there is no doubt about the identity of the

party being sued. *Id.* at 738 ("We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" (citation omitted)).

Hayes, however, offers no descriptions of the unnamed officers besides the detail that one officer is white and another is black. Because Hayes's Complaint lacks any description of the unnamed officers that is specific enough to enable a process server to accomplish service, the claims against the unnamed officers are facially deficient. *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (holding that "descriptions [that] include only general physical attributes and a title that is held by many individuals [ ] fall well short of enabling a process server to identify a specific individual").

**B. Timeliness**

Hayes does not allege when the events giving rise to his Complaint occurred. "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialea v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). "Generally, 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)). "This [general] rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." *Rozar*, 85 F.3d at 562.

Furthermore, "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous." *Fish v. Geico Inc.*, 606 F. App'x 576, 576

(11th Cir. 2015) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (affirming the district court's *sua sponte* dismissal under § 1915 of the prisoner's civil rights complaint as time-barred)). However, "to dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." *Hughes*, 350 F.3d at 1163. Because Hayes alleges no facts concerning the timing of the events giving rise to his Complaint, the Court is unable to determine whether he can prove a set of facts that would avoid a statute of limitations bar.

**C. Leave to Amend**

If Hayes can state a timely claim for excessive force, or another civil rights violation, that meets the pleading standards described above and name a proper defendant, he may file an amended complaint. Hayes's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a pro se party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Rule 8 provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("The contours of an asserted constitutional right must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right." (quotations omitted)). Hayes must separate each cause of action against each defendant into a different count. Pursuant to Federal Rule of Civil Procedure 10(b), the amended complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id*. Hayes must clearly specify which defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cnty.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of pro se § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants").

If Hayes does not know the name of a fictitious defendant, he may still sue the fictitious defendant by describing the defendant with sufficient particularity to permit service of process. For example, Hayes may sue an unnamed defendant by accurately describing the defendant with details such as the defendant's gender, age, and place of employment. Also, he may learn the name of the defendant by requesting documents from the jail or prison.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Hayes's Complaint is **DISMISSED without prejudice**. If Hayes can state a timely claim for excessive force, or another civil rights violation, and name a proper defendant, he may file an amended complaint consistent with this order no later than **November 16, 2026**. The amended complaint will supersede

the initial Complaint. Therefore, the amended complaint must contain all claims for relief. It must not refer to or incorporate the initial Complaint.

If Hayes fails to file an amended complaint within the time allotted, this Order dismissing the Complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

**DONE AND ORDERED** at Jacksonville, Florida, on October 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Richard Leroy Hayes, Jr.